# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## MONROE E. DAVIS V. PINNACLE APARTMENTS, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT00254812    Jerry Stokes, Judge**

---

**No. W2013-00529-COA-R3-CV - Filed September 25, 2013**

---

Because the order appealed is not a final judgment, we dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. HIGHERS, P.J.W.S., DAVID R. FARMER, J., AND HOLLY M. KIRBY, J.

Monroe E. Davis, Memphis, Tennessee, appellant, pro se.

Dennis R. Baer, Memphis, Tennessee, for the appellee, Pinnacle Apartments.

## MEMORANDUM OPINION[1]

The self-represented appellant, Monroe E. Davis, filed a pleading styled "Tort Action" in the trial court on June 11, 2012, naming as defendants Pinnacle Apartments, Mick Hix, Bellevue Tower II LLC and Tri State Fire Protection. On or about July 17, 2012, Appellees Pinnacle Apartments, Mick Hix, and Bellevue Tower II LLC filed a motion to dismiss.[2] The trial court granted the motion by order entered on August 3, 2012. Appellant filed a motion

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The motion to dismiss was brought on behalf of Bellevue Tower II d/b/a Pinnacle Apartments and Mick Hix.

to reconsider on August 16, 2012. Then, on September 4, 2012, Appellant filed a Notice of Appeal of the trial court's order of August 3, 2012.

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record for this matter to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction. Specifically, we could find nothing in the record reflecting that the trial court adjudicated Appellant's claims against Defendant Tri State Fire Protection as set forth in the pleading styled "Tort Action" filed in the trial court on June 11, 2012. Also, the record did not contain an adjudication of the "Motion to Reconsider" filed by Appellant on August 16, 2012 in the trial court.

Thus, by Order entered on July 15, 2013, the Court directed Appellant to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order. Our Order of July 15, 2013 also directed the trial court clerk to transmit a certified, supplemental record to the Clerk of this Court within five (5) days of the entry of the final judgment.

The Clerk of this Court received a supplemental record which merely contained another copy of the trial court's order of August 3, 2012. As of this date, the Clerk of this Court has received no further supplements to the appellate record and Appellant has not otherwise responded to our Order of July 15, 2013.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See* **Bayberry Assoc. v. Jones**, 783 S.W.2d 553 (Tenn. 1990).

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Monroe E. Davis, for which execution may issue if necessary.

## PER CURIAM